UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL ALONZO BROOKS,

                              Plaintiff,

        v.

CHRISTINE GREGOIRE, JAY INSLEE,
ROBIN ARNOLD-WILLIAMS, STEPHEN
SINCLAIR, BARNARD WARNER,

                              Defendants.

No. C12-6010 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For: December 21, 2012**

        Plaintiff Carl Alonzo Brooks, who is currently incarcerated at the Washington State

Penitentiary (WSP), has filed an application to proceed *in forma pauperis* (IFP) with a civil

rights action brought under 42 U.S.C. 1983.  ECF Nos. 1, 1-2.  The Court recommends

DENYING the IFP application based on the three-strikes rule of 28 U.S.C. 1915(g), and

directing Plaintiff to pay the $350.00 filing fee in order to proceed with his complaint.

                              **DISCUSSION**

        A prisoner may not proceed IFP in a civil action if he or she has, on three or more prior

occasions, brought civil actions that were dismissed for failure to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See* 28 U.S.C. § 1915(g).

        In his complaint, Plaintiff notes that he has filed seven federal civil rights actions:  (1)

No. C11-5247 RBL/JRC (Feb. 2011, Tacoma); (2) C11-5152 RBJ/JRC (May 2011, Tacoma); (3)

CS-00-432-EFS (Dec. 2000, Spokane); (4) C03-5285 RBL/KLS (June 2003, Tacoma); (5) CV-

REPORT AND RECOMMENDATION - 1

1   04-018-EFS (Dec. 2004, Spokane); (6) C12-5623 BHS/JRC (July 2012, Tacoma); (7) C12-5583

2   RJB/JRC (May 2012, Tacoma).  He claims that all were "dismissed for failure to state a claim;

3   however, Brooks still only has two strikes for In Forma Pauperis purposes."  ECF No. 1-1.

4          However, the Court's records reflect that at least three of these cases were specifically

5   determined to be "strikes" pursuant to § 1915(g):  (1) *Brooks v. Washington State,* C03-5285

6   (W.D. Wash., dismissed September 9, 2003) (referring to 1915(g)); (2) *Brooks v. Brooks v.*

7   *Indeterminate Sentence Review Board,* C11-5152 (W.D. Wash., dismissed April 11, 2011)

8   (referring to 1915(g)); and (3) *Brooks v. Indeterminate Sentence Review Board,* C-11-5247

9   (W.D. Wash., dismissed May 11, 2011) (referring to 1915(g)).  *See also,* Reports and

10  Recommendations in Case No. C-11-5152 RJB/JRC (ECF No. 9) and C-11-5247 RBL/JRC

11  (ECF No. 6), listing Plaintiff's prior actions and concluding that Plaintiff's continued attempts to

12  challenge his current confinement are an abuse of the judicial process, irresponsible, and

13  frivolous.

14         Plaintiff has at least three strikes under § 1915(g) and may not proceed unless he can

15  show that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *see*

16  *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been

17  placed on notice by the district court of potential disqualification for IFP status under § 1915(g),

18  "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude

19  IFP status").

20         Plaintiff alleges that Defendants Christine Gregoire (Washington Governor), Jay Inslee

21  (Washington Governor-Elect), Robin Arnold-Williams (Secretary of the Department of Social

22  Health Service), Stephen Sinclair (Superintendent of WSP), and Barnard Warner (Secretary of

23  the Department of Corrections), have "conspired to breach his valid May 19, 1978 king county

superior court Contract, that is, Warrant of Commitment…".  ECF No. 1-2, at 2.  Plaintiff seeks $320,640.00 in compensatory damages; $10,412,800.00 in punitive damages; a declaration that his Warrant of Commitment entitles him to "8 hours per day times five days a week leaves of absences for the duration of [his] …term of confinement"; injunctive relief, attorney fees, and costs.  ECF No. 1-2, at 3.

The Court recommends that Plaintiff's IFP application be denied because it finds that Plaintiff has not shown that he is under imminent danger of serious physical injury.

In addition, before a § 1983 plaintiff may recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

## CONCLUSION

Plaintiff's application to proceed IFP (ECF No. 1) should be **DENIED** based on the three-strikes rule of 28 U.S.C. 1915(g), and Plaintiff should be directed to pay the $350.00 filing fee in order to proceed with his complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

//

//

REPORT AND RECOMMENDATION - 3

objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 21, 2012,** as noted in the caption.

        **DATED** this <u>3rd</u> day of December, 2012.


                                          Karen L. Strombom
                                          United States Magistrate Judge

REPORT AND RECOMMENDATION - 4