UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL ALONZO BROOKS,

                Plaintiff,

      v.

CHRISTINE GREGOIRE, et al.,

                Defendants.

CASE NO. C12-6010 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATIONS

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom , United States Magistrate Judge (Dkt. 4) and Plaintiff Carl Alonzo Brooks's ("Brooks") objections to the R&R (Dkt. 6).

On November 27, 2012, Brooks filed a motion to proceed in forma pauperis ("IFP") (Dkt. 1) and a civil complaint, alleging 42 U.S.C. § 1983 claims (Dkt. 1-2).  On December 3, 2012, Judge Strombom issued an R&R recommending that Brooks motion for IFP be denied based on the three-strikes rule set out in 28 U.S.C. § 1915(g), and directing Brooks to pay the $350.00 filing fee in order to proceed with his complaint. Dkt. 4 at 1.

On December 26, 2012, Brooks filed objections to the R&R arguing, in relevant part, that Judge Strombom erred in counting one of his previously filed suits, CO3-5285-RBL/KLS, as a strike for the purposes of  § 1915(g), because he paid the initial filing fee and the appeal fee to the Ninth Circuit.  Dkt. 6 at 1.  Among other arguments, Brooks

1   maintains that he should be able to file a "first amended" complaint as a matter of right,

2   that his action should not be dismissed, and that Strombom erred in finding "that if

3   defendants (Williams, Sinclair, and Warner) are ordered to grant Brooks 8 hours daily

4   leaves of absence … [that] will invalidate Brook's conviction." *Id*. at 4.

5          Upon review of the record, the finds that Judge Strombom was correct in her

6   analysis that Brooks has three strikes pursuant to § 1915(g).  Pursuant to § 1915(g):

7                In no event shall a prisoner bring a civil action or appeal a judgment
            in a civil action or proceeding under this section if the prisoner has, on 3 or
8           more prior occasions, while incarcerated or detained in any facility, brought
            an action or appeal in a court of the United States that was dismissed on the
9           grounds that it is frivolous, malicious, or fails to state a claim upon which
            relief may be granted, unless the prisoner is under imminent danger of
10          serious physical injury.

11  On three or more occasions, Brooks has brought civil actions that were dismissed for

12  failure to state a claim upon which relief may be granted.  As Judge Strombom properly

13  observed:

14               [T]he Court's records reflect that at least three of these cases were
            specifically determined to be "strikes" pursuant to § 1915(g): (1) Brooks v.
15          Washington State, C03-5285 (W.D. Wash., dismissed September 9, 2003)
            (referring to 1915(g)); (2) Brooks v. Brooks v. Indeterminate Sentence
16          Review Board, C11-5152 (W.D. Wash., dismissed April 11, 2011)
            (referring to 1915(g)); and (3) Brooks v. Indeterminate Sentence Review
17          Board, C-11-5247 (W.D. Wash., dismissed May 11, 2011) (referring to
            1915(g)). See also, Reports and Recommendations in Case No. C-11-5152
18          RJB/JRC (ECF No. 9) and C-11-5247 RBL/JRC (ECF No. 6), listing
            Plaintiff's prior actions and concluding that Plaintiff's continued attempts
19          to challenge his current confinement are an abuse of the judicial process,
            irresponsible, and frivolous.

20
    Dkt. 4 at 2.  Additionally, in Brooks's complaint, he does not allege or present evidence
21
    that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).
22

1   Therefore, the Court concurs with Judge Strombom's conclusion that Brooks has three

2   strikes and his application to proceed IFP must be denied under § 1915(g).

3        Based upon his objections, it appears that Brooks believes his case has been

4   dismissed.  However, Judge Strombom's R&R did not recommend dismissal, nor did her

5   R&R specifically find that Brooks's complaint was deficient or frivolous because, as

6   Brooks alleges if the Court granted him the relief sought, it would invalidate his

7   conviction.  *See* Dkts. 4 & 6 at 4.  Judge Strombom's recommendations were not based

8   on analysis of the merits of Brooks's complaint.  *See* Dkt. 4.  The R&R recommended,

9   and the Court agrees, that if Brooks wishes to proceed with his suit, he may do so.  *Id*. at

10  3.  He simply needs to pay the filing fee first.  *Id*.

11       The Court having considered the R&R, Plaintiff's objections, and the remaining

12  record, does hereby find and order as follows:

13       (1)   The R&R is **ADOPTED**.

14       (2)   Brooks must pay the filing fee of $350.00 in order to proceed with his
             complaint.

15

16       (3)   If the filing fee is not paid by February 8, 2013, the Court will dismiss this
             action.

17   Dated this 16th day of January, 2013.

18

19

20   BENJAMIN H. SETTLE
     United States District Judge

21

22